UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
2000 OCT 23 P 1:52
CLERK, US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| Plaintiff, ) | |
| ) | |
| V. ) | Case No. SA00CA1145 |
| ) | |
| Kenneth Robinson ) | USAO No. 2000Z04190 |
| Defendant. ) | |

## COMPLAINT

The plaintiff, United States of America, alleges as follows:

1. **Jurisdiction**: Plaintiff is the United States of America, and defendant Kenneth Robinson is an individual residing within the jurisdiction of this Court. The defendant can be served at 1070 Mearns Meadow Blvd., Austin, TX 78758. This court has jurisdiction pursuant to 28 U.S.C. § 1345.

2. In 1991, 20 U.S.C. § 1901a abolished the statute of limitations on all student loan debts and revived any student loan claims which had been previously barred by the statute of limitations.

3. The defendant for value received, executed and delivered two promissory note(s) to secure loan(s) under loan guaranty programs authorized under Title VI-B of the Higher Education Act of 1965, as amended, 20 U.S.C. §1071 et.seq. (34 C.F.R. Part 682 and/or 685). The defendant subsequently defaulted on the note(s). These transactions are more particularly set out in the two Certificate(s) of Indebtedness and accompanying note(s) attached hereto as Exhibit(s) 1 - 2, respectively and incorporated as if set forth fully herein.

4. The lender(s) on the loan(s) and payee(s) on the promissory note(s), assigned the note(s) to the United States. Under the terms of the note(s) and law, the note(s) was/were assigned to the

United States.

5. The United States is now the owner and holder of the promissory note(s). The defendant has failed to pay said note(s) according to the terms thereof. Pursuant to the terms of the promissory note(s), plaintiff United States declared the entire amount of indebtedness evidenced by the note(s) immediately due and payable.

6. Defendant owes a debt to the United States in the amount of $5,768.11 (representing $3,179.39 principal, administrative costs of $45.65 and interest of $2,543.07 through May 1, 2000 as more fully set forth on the Certificate(s) of Indebtedness attached hereto as Exhibit(s) 1 - 2. Interest continues to accrue at the rate of $0.72 per day from May 2, 2000 until judgment is entered herein and interest thereafter at the post judgment rate as provided by law until the judgment is paid in full.

WHEREFORE, plaintiff prays for judgment against defendant:

1. In the amount of $5,768.11 (representing $3,179.39 principal, administrative costs of $45.65 and interest of $2,543.07 through May 1, 2000 as more fully set forth on the Certificate(s) of Indebtedness attached hereto as Exhibit(s) 1 - 2. Interest continues to accrue at the rate of $0.72 per day from May 2, 2000 until judgment is entered herein and interest thereafter at the post judgment rate as provided by law until the judgment is paid in full;

2. For its costs and attorney's fees incurred herein; and

3. For such other relief as the Court deems just.

                                              Respectfully submitted,

                                              JAMES WILLIAM BLAGG
                                              United States Attorney

By:          _____
                HAROLD O. ATKINSON
                Assistant U.S. Attorney
                Texas Bar. No. 01412000
                601 NW Loop 410
                San Antonio, Texas 78216
                Telephone (210) 384-7262
                Telefax (210) 384-7247

U.S. DEPARTMENT OF EDUCATION
SAN FRANCISCO, CALIFORNIA

CERTIFICATE OF INDEBTEDNESS

Name: KENNETH F ROBINSON
AKA:

Address: 1070 MEARNS MEADOW BLVD APT 62

AUSTIN, TX 78758
SSN: 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

I certify that Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 05/01/00.

On or about 7/30/87, the borrower executed promissory note(s) to secure loan(s) of $2,625.00 from FIRST AMERICA SAVINGS, F.S.B., LONGMONT, CO. at 8.00% interest per annum. This loan obligation was guaranteed by HIGHER EDUCATION ASSISTANCE FOUNDATION, MN and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et. seq. (34 C.F.R. Part 682). The holder demanded payment according to the terms of the note(s), and credited $0.00 to the outstanding principal owed on the loan(s). The borrower defaulted on the obligation on 2/11/89, and the holder filed a claim on the guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $2,817.61 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. The guarantor attempted to collect the debt from the borrower. The guarantor was unable to collect the full amount due, and on 8/1/93, assigned its rights and title to the loan(s) to the Department.

Since assignment of the loan, the Department has received a total of $0.00 in payments from all sources, including Treasury Department offsets, if any. After application of these payments, the borrower owes the United States the following:

| | |
|---|---|
| Principal: | $ 2,817.61 |
| Interest: | $ 2,170.16 |
| Administrative/Collection Costs: | $ 45.65 |
| Late fees: | $ 0.00 |
| Total Debt as of 05/01/00 : | $ 5,033.42 |


PLAINTIFF'S EXHIBIT 1

Interest accrues on the principal shown here at the rate of $0.62 per day.

Pursuant to 28 USC §1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 5/15/00

Name: Kathleen Compen (signature)
Title: Loan Analyst
Branch: Litigation

BE SURE TO PUT IN ALL OF ANY CORRECTIONS YOU HAVE TO MAKE.

# GUARANTEED STUDENT LOAN PROMISSORY NOTE

Your Name: Robinson, Kenneth F
Your SSN: 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
Your Address: 3181 Lakewood #6
Your City/State/ZIP: Detroit, MI 48215

## A. IMPORTANT - READ THIS INFORMATION CAREFULLY
The terms "I" and "me" refer to the borrower.

1. I will read the Promissory Note before I fill it out. If I have any questions, I will ask my lender. If I don't know who my lender will be, I will contact my school or HEAF.
2. When the lender accepts my signed Promissory Note with my application, the lender is not necessarily agreeing to lend me the money. The lender has the right not make a loan or lend an amount less than the Loan Amount Requested. I will be required to repay only the amount of money that the lender lends. Laws a regulations may not allow the lender to lend me as much as I have asked for.
3. After HEAF has agreed to guarantee my loan, the lender will send me a Disclosure Statement. The Disclosure Statement will tell me:
   a) the total dollar amount of my loan    c) the dollar amount of the origination fee I will pay    e) my disbursement schedule (when I will get my loan checks)
   b) the interest rate I will pay    d) the dollar amount of the guarantee fee I will pay    f) how long my grace period will be
   Some of the terms on my Disclosure Statement may be different from what they are on the Promissory Note. If they are different, the terms on the Disclosure Stateme apply instead of what is on this Note. If I am not satisfied with the new terms, I may cancel the agreement. If I do wish to cancel this agreement, I will contact lender immediately and I will not cash any loan checks.
   I will be sure to check the Disclosure Statement as soon as I get it and let my lender know if anything looks wrong or if I have any questions.

## B. PROMISE TO PAY

Kenneth F. Robinson, promise to pay to the order of First America Savings, F.S.B.
(Print Your Name as Borrower)

Longmont, CO

All of the following amounts:

1) The entire Loan Amount Requested or such lesser amount as is loaned. LOAN AMOUNT REQUESTED: $ 2625.00

2) Interest on the unpaid principal balance. The applicable interest rate on this loan will be figured in the following manner: If I have an unpaid principal balance on a Guaranteed Student Loan having an applicable interest rate of 6%, the applicable interest rate on this loan will be 7%. If I have an unpaid principal balance on a Guaranteed Student Loan having an applicable interest rate of 7%, 8%, or 9%, the applicable interest rate on this loan will be the same as that of my other loan(s). If I have no outstanding Guaranteed Student Loans, my applicable interest rate on this loan will be 8%.
I further understand that if I am eligible for federal interest benefits, the interest will be paid by the Secretary of Education (Secretary) (a) during the period I am in school on at least a half-time basis, (b) during the grace period described in Section D below, and (c) during the time my loan payments are deferred as allowed by Section F below.

3) The guarantee fee (which is .75% per annum of the Loan Amount for the anticipated in-school period plus six months). The fee will be deducted from the initial disbursement. This charge is not subject to refund except for the amount attributable to any disbursement I do not receive, which will, at the lender's option, be applied to my loan balance or be returned to me.

4) The Origination Fee, which will be deducted from the proceeds of the loan. The fee is determined by federal law and will be reflected on my disclosure statement. This charge is not subject to refund except for the amount attributable to any disbursement I do not receive.

## C. GENERAL
I understand that the lender has applied for guarantee coverage of this loan through the Higher Education Assistance Foundation (HEAF) and because of this, the loan is subject to, and the terms of this Promissory Note will be interpreted in accordance with, Sub-chapter IV, Part B of the Higher Education Act of 1965 (the "Act") as amended, federal regulations adopted under the Act, and the Rules and Regulations of HEAF. To the extent not governed by federal law, this Note shall be governed by the laws of the jurisdiction in which the lender is located.

## D. REPAYMENT
I will repay this loan in periodic installments during a repayment period that will begin no later than the end of my grace period. However, during the grace period I may request that the repayment period begin earlier. The grace period begins when I cease to carry at least one half the normal academic workload at a school that is participating in the Guaranteed Student Loan Program (GSLP).

1) The Secretary will pay the interest that accrues on this loan prior to the repayment period and during any deferment period, if it is determined that I qualify to have such payments made on my behalf under the regulations governing the GSLP. In the event the interest on this loan is payable by the Secretary, the lender may not attempt to collect this interest from me. I may, however, choose to pay this interest myself.

2) Once the repayment period begins I will be responsible for payment of all the interest that accrues on this loan, except that if the interest accruing on this loan prior to the repayment period was payable by the Secretary, the Secretary will pay the interest that accrues during any period described under DEFERMENT in this Promissory Note.

3) The lender may add any interest to the unpaid principal balance of this loan that is not paid when it is due, in accordance with regulations of HEAF governing the GSLP. I will repay this loan within 15 years of the date of this Promissory Note, over a repayment period that generally lasts at least 5 years but no more than 10 years. However, the following exceptions to these rules apply:
   a) The lender may require a repayment period shorter than five years to ensure that the payments of all my loans, GSL and PLUS, including those of my spouse, are at least $600.00 per annum or the unpaid principal balance, whichever is less. These terms apply to all holders of my loans, GSL and PLUS.
   b) Any period described under DEFERMENT in this Promissory Note or any period for which the lender has granted forbearance will not be included in determining the 5-, 10-, and 15-year periods mentioned above.

4) If, during the grace period, I request a shorter repayment period, the lender may grant me a period shorter than 5 years. In that event, I may later choose to have the repayment period extended to 5 years.

5) I must contact the lender prior to expiration of my grace period to negotiate the terms of repayment. If I neglect to do so, I hereby authorize the lender to establish repayment terms within the guidelines set forth in Paragraph 3 of this section, without my further approval; however, the lender must inform me of these terms in writing at the latest address that I have provided to the lender.

6) My obligation to repay this loan shall be cancelled if I become totally and permanently disabled or die.

The particular terms and conditions of repayment that apply to this loan will be set forth in a separate document, known as a repayment schedule, that the lender will provide to me before the repayment period begins.

## E. PREPAYMENT
At my option and without penalty, I may prepay at any time all or any part of the unpaid principal balance of this Note. In the event of prepayment, I may be entitled to a refund of unearned interest. The amount of any such rebate will be computed by the same method by which interest payments were computed.

## F. DEFERMENT
I understand that in certain instances authorized by the Act the payments I am required to ma under Section D may be deferred. The instances currently authorized by the Act are described the reverse side of this Note. To obtain such deferment, I agree to comply with the relevant fede regulations and the Rules and Regulations of the HEAF, including, without limitation, submissio required forms to the lender.

## G. MODIFICATION OF REPAYMENT TERMS
If I am unable to repay this loan in accordance with the terms established under Section D, I n request the lender to modify these terms in the manner identified on the reverse side of this Not understand that a modification of repayment terms under this section is different from Deferm (Section F) and that during this period I will remain responsible for payment of interest which lender may (a) collect from me on a periodic basis or (b) add to the principal balance of the lo

## H. DEFAULT & ACCELERATION
If I default on this loan, the lender may declare the entire unpaid amount of the loan, includ interest and applicable late charges, immediately due and payable. A default may also make ineligible for the benefits described under DEFERMENT and REPAYMENT in this Promissory N Under HEAF regulations governing the GSLP, any of the following events is a default:
1) Failing to make any payment when due.
2) Making any false representation for the purposes of obtaining this loan.
3) Using the loan proceeds for other than educational purposes.
4) Failing to enroll in the school that completed the application for the time identified as my i period.
5) Not notifying the lender immediately if I (a) drop to less than a half-time student, (b) chang graduation date, (c) change my name or (d) change my address.

If I default, I will also pay all charges and other costs — including attorney's fees — that permitted by federal law and regulations for the collection of these amounts. If this loan is refe for collection to an agency that is subject to the Fair Debt Collection Practices Act, I will pay co tion costs not to exceed 25 percent of the unpaid principal and accrued interest. Declaring t amounts immediately due and payable is at the option of the lender, which it may do only complying with applicable notice and other requirements of law. Failure to exercise this option not constitute a waiver of the lender's right to exercise the option at a later date. If I default lender may endorse this Promissory Note to HEAF. I will then be required to pay HEAF all amo owed.

## I. CREDIT BUREAU NOTIFICATION
If I default on this loan, the lender or HEAF may report the default to credit bureau organizations, may significantly and adversely affect my credit rating. The lender must provide information or repayment status of this loan to any credit bureau organization upon my request. If not other prohibited by law, the lender may disclose information about the status of this loan to any c bureau organizations.

## J. LATE CHARGES
If permitted by law, the lender may collect from me a late charge if I fail to make any part installment payment within 10 days after it is due, unless I provide documentation that I am entitl have the payment deferred as described under DEFERMENT in this Promissory Note. A late ch may not exceed $5 or 5% of an installment, whichever amount is less.

### NOTICE TO BORROWER
(a) DO NOT SIGN THIS PROMISSORY NOTE BEFORE YOU READ IT.
(b) YOU ARE ENTITLED TO A COPY OF THIS PROMISSORY NOTE.
(c) YOU MAY PREPAY THE UNPAID BALANCE AT ANY TIME WITHOUT PENALTY.
(d) IF YOU HAVE ANY QUESTIONS OR WISH TO CANCEL THIS LOAN 1) DO NOT CASH THE LOAN CHECK(S) AND 2) CONTACT YOUR LENDER.

X Kenneth Robinson  7-30-
Sign Your Name    Today's Date

You  ROBINSON, KENNETH,
     CLAIM NO 199305C41885C  C6-01-95
     SSN 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  TD  1
You
The
meaning of the Uniform Commercial Code. As such, the endorser hereby waives demand sentment for payment, notice of nonpayment, protest, and notice of protest, and acknowl and agrees that the lender has expressly reserved its right against the endorser notwiths ing any deferment in accordance with Section F of this note or modification of repayment in accordance with Section G of this Note of which the endorser has no notice.

**LENDER COPY**

HEAF Form 207A, 03-86

## DEFERMENT OF REPAYMENT

I understand that in certain instances authorized by the ACT the payments that I am required to make under Section D may be deferred. Payments of principal on my loan will be deferred after the repayment period begins, because of circumstances listed below, provided I comply with the procedural requirements set forth in the regulation governing the GSLP:

1. While I am enrolled in —

   A. Full-time study at a school that is participating in the GSLP (however, only citizens or nationals may attend schools outside of the U.S.);

   B. Full-time study at an institution of higher education or a vocational school that is operated by an agency of the Federal Government (e.g., the service academies);

   C. A graduate fellowship program approved by the Secretary of Education; or

   D. A rehabilitation training program for disabled individu... ...pproved by the Secretary of Education.

2. For periods not exceeding 3 years for e--· ...ile I am —

   A. On active duty in the ^... ...rving as an officer in the Commissioned Corps
      the United S...

   E. ...
      ...
      ...

3. For ...
   reco...

4. For a
   emplo...

To be gra...
notify the l...

If I am unabl...
to modify the...

   1) A short p...
   2) A reason...
   3) Making sr...

I understand th...
collect from me ...

Under certain circ...
cordance with Sect...

...unteer Service Act of 1973 (ACTION program
...
...Federal income taxation under Section 5(
...service which is comparable to service pe
...
...alified physician, or unable to secure er
...is temporarily totally disabled, as esta
...
at is required for me to gain profession
...
y seeking but unable to find full-tim
...
of my eligibility. I must subsequent
d no longer exists.
...
Section D, I may request the lend
)llowing:
...
...erest which the lender may (
..u loan.

...vlENT OF DEFENSE
...onnel may have their loans repaid by the Secretary of Defense, in a
...Department of Defense Authorization Act, 1981 (P.L. 96-342, 10 U.S.C. 2141, note.

Questions concerning the program should be addressed to the local Service recruiter. The program described is recruiting program and does not pertain to prior service individuals or those not eligible for enlistment in th Armed Forces.

---

**AFFIX TO BACK OF PROMISSORY NOTE**

Pay to the order of Higher Education Assistance Foundation ("HEAF") without recourse, provided, however, notwithstanding this indorsement without recourse, the undersigned hereby expressly:

1. Warrants that:
   a) no defense of any party is good against the undersigned; and
   b) the undersigned is not in default under the terms of that certain Lender Agreement for Guarantee of Student loans with Federal Reinsurance ("Lender Agreement") between it and HEAF, in accordance with which payment of the indebtedness evidenced by this instrument was guaranteed by HEAF.

2. Disclaims the implied warranty that it has no knowledge of any insolvency proceeding instituted with respect to the maker of this instrument and instead warrants that to the extent it has knowledge of any such proceeding it has disclosed the same to HEAF, but no other implied warranties are hereby disclaimed.

3. Acknowledges that:
   a) upon payment in full by HEAF of the claim submitted by the undersigned pursuant to the aforesaid Lender Agreement, HEAF will have discharged all of its obligations to the undersigned arising out of said Lender Agreement; and
   b) notwithstanding payment by HEAF of the undersigned's claim and acceptance by HEAF of transfer of this instrument in consideration thereof, HEAF has not waived any rights that it may have against the undersigned pursuant to the terms of the aforesaid Lender Agreement.

SIGNATURE X _____ DATE 9-8-89
TITLE Claims Analyst

F0025 10-87

U.S. DEPARTMENT OF EDUCATION

SAN FRANCISCO, CALIFORNIA

CERTIFICATE OF INDEBTEDNESS

Name: KENNETH F ROBINSON
AKA:

Address: 1070 MEARNS MEADOW BLVD APT 62

AUSTIN, TX 78758
SSN: 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

I certify that Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 05/01/00.

On or about 8/16/88, the borrower executed promissory note(s) to secure loan(s) of $1,313.00 from FIRST BANK (N.A.), MADISON, WI. at 10.00% interest per annum. This loan obligation was guaranteed by GREAT LAKES HIGHER EDUCATION CORPORATION and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et. seq. (34 C.F.R. Part 682). The holder demanded payment according to the terms of the note(s), and credited $951.22 to the outstanding principal owed on the loan(s). The borrower defaulted on the obligation on 1/30/90, and the holder filed a claim on the guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $386.94 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. The guarantor attempted to collect the debt from the borrower. The guarantor was unable to collect the full amount due, and on 6/9/96, assigned its rights and title to the loan(s) to the Department.

Since assignment of the loan, the Department has received a total of $0.00 in payments from all sources, including Treasury Department offsets, if any. After application of these payments, the borrower owes the United States the following:

| | |
|---|---|
| Principal: | $ 361.78 |
| Interest: | $ 372.91 |
| Administrative/Collection Costs: | $ 0.00 |
| Late fees: | $ 0.00 |
| Total Debt as of 05/01/00 : | $ 734.69 |

Interest accrues on the principal shown here at the rate of $0.10 per day.

Pursuant to 28 USC §1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 5/15/00          Name: [signature]
                              Title: Loan Analyst
                              Branch: Litigation

# FIRST BANK (N.A.)
## GUARANTEED STUDENT LOAN APPLICATION AND PROMISSORY NOTE

**SECTION 1 – TO BE COMPLETED BY THE BORROWER** *"IMPORTANT – READ THE INSTRUCTIONS CAREFULLY"*

| Social Security Number | Last Name | First Name | Middle Initial | Birthdate Mo./Day/Year |
|---|---|---|---|---|
| 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 | Robinson | Kenneth | F | 12/27/64 |

**Permanent Home Address:** 318 Lakewood, Det., MI 48215
**Area Code/Telephone No.:** None

**Citizenship Status:** ☒ a. U.S. Citizen/National
**7. Permanent resident state:** MI **Since:** 12/64
**8. State of Driver's Lic.:** None
**Driver's Lic. #:** None

**9. Loan Period From:** 08/88 **To:** 02/89
**10. Loan Amount Requested:** $2625
**11. Major course of study:** Auto Mech
**12. Post secondary institutions attended:** None

**13. Have you ever defaulted on a GSL, PLUS/SLS or Consolidation Loan?** ☒ No
**14. Have you received a GSL, PLUS/SLS or Consolidation Loan for a period of enrollment before July 1, 1988?** ☒ Yes ☐ No

**15. List all GSL, PLUS/SLS and Consolidation Loans:**

| Name of Lender | City and State of Lender | Loan Period Beginning Date Mo./Year | Interest Rate | Unpaid Balance |
|---|---|---|---|---|
| | | | % | $ |
| | | | % | $ |

**17. Parent or Guardian:**
- Name: Lillian Newton
- Relationship: (blank)
- Address: 170 S Greenwood
- City/State/Zip: Austin, Texas
- Area Code/Telephone No.: 512-926-7167

**Other Relative:**
- Name: Fannie Newton
- Relationship: Grandmother
- Address: 8855 Neal
- City/State/Zip: Det, MI 48213
- Telephone: 923-4198
- Place of Employment: None

**Other Relative or Friend:**
- Name: Leon Clauser (Friend)
- Address: 226 Newport
- City/State/Zip: Det, MI 48215
- Telephone: None
- Place of Employment: None

**Place and City of Employment:** Superior Lock, Det., MI

### Promissory Note for a Guaranteed Student Loan

1. **Promise To Pay** I, called Maker identified in Section 1, Item 2 and Endorser, if any, identified in Section 1, Item 18c, promise to pay to the lender identified in Section 3, Item 35, when this note becomes due as set forth in paragraph 4 (on reverse side), the sum of:

**Two Thousand Six Hundred + Twenty Five** DOLLARS

18a. Requested Loan Amount. Must be the same as item 10.
$2625.00

**Maker's Signature:** Kenneth H. Robinson (Seal) **Date:** 8-16-88
**18c. Endorser's Signature:** (Seal) **Date:**
**Endorser's Soc. Sec. No.:** **Endorser's Address:**

---

**SECTION 2 – TO BE COMPLETED BY THE SCHOOL**

| 19. Name of School | 20. Address | City, State, Zip Code | 21. Area Code/Telephone No. |
|---|---|---|---|
| Mich. Career Inst. | 14520 Gratiot | Det., MI 48205 | 313/526-6600 |

| 22. School Code | 23. Borrower Enrolled | 24. Dependency | 25. Loan Period From – To | 26. Grade | 27. Anticipated Grad. | 28. Est. Cost of Educ. |
|---|---|---|---|---|---|---|
| 007353 | F/T | I | 8-18-88 to 9-17-89 | 02 | 5-89 | $7205 |

| 29. Est. Fin. Aid | 30. E.F. Contribution | 31. Approved Loan Amount | 32. 1st Disbursement Date | 32. 2nd Disbursement Date |
|---|---|---|---|---|
| $3099 | $1200 | $2625 | A.S.A.P. | 1-3-89 |

**34. Signature of School Official:** Wilma Harris
**Print Name and Title:** Wilma Harris – Asst. Dir. Fin. Aid **Date:** 8-18-88

---

**SECTION 3 – TO BE COMPLETED BY THE LENDER**

**35. Name of Lender:** First Bank (N.A.)
**36. Street Address:** P.O. Box 8931
**City, State, Zip Code:** Madison, WI 53708
**37. Lender Code:** 821654
**38. Entity Number:** 39-0152428
**39. Area Code/Telephone No.:** 1-800-362-3808 (IN-STATE) / 1-800-562-6057 (OUT-STATE)

| 40. 1st Disbursement Amount | $ |
| 41. 2nd Disbursement Amount | $ |
| 42. Total Amount Approved | $2625 |

**LENDER COPY A**

**43. Signature of Student Loan Official:** Richard H. Johnston
**Print Name and Title:** Richard H. Johnston, Vice-President **Date:**

UPON LENDER COMPLETION MAIL ONLY GLHEC AND LENDER COPIES TO: First Bank Loan Origination Center, P.O. Box 8931, Madison, WI 53708

198 (3/88)

2. **DEFINITIONS.** All words, phrases, and conditions not defined in this Note shall be construed according to common and approved usage unless a technical meaning is ascribed to them by Title IV, Part B Higher Education Act of 1965 (20 U.S.C. 1071 et seq.), as amended, called the "Act" or Federal Regulations. The U.S. Secretary of Education shall be called the "Secretary". The Great Lakes Higher Education Corporation shall be called "GLHEC".

3. **APPLICABLE INTEREST RATE.** (1) The Maker agrees to pay an amount equivalent to simple interest (as specified in (4)) on the unpaid principle balance from the date of disbursement until the entire principal sum and accrued interest are paid in full. (2) However, the Secretary will pay the interest that accrues on this loan prior to repayment status and during any deferment, if it is determined that the Maker qualifies to have such payments made on the Maker's behalf under the regulations governing the Guaranteed Student Loan Program ("GSLP"). In the event that the interest on this loan is payable by the Secretary, neither the lender nor the holder of this Note may attempt to collect the interest from the Maker. The Maker, however, may choose to pay the interest. (3) Once the repayment status begins the Maker will be responsible for all interest that accrues on this loan, except that if the interest accruing on this loan prior to the repayment period was payable by the Secretary, the Secretary will pay the interest that accrues during any period described under DEFERMENT (par. 13) in this Promissory Note. (4) The interest rate will be determined according to the following: (a) If the Maker has an outstanding Guaranteed Student Loan(s) ("GSL") on the date the Maker signs this Note, the applicable interest rate will be the same as the applicable interest rate on the outstanding GSL(s). (b) If the Maker is borrowing for a period of enrollment which begins before July 1, 1988, and the Maker has no outstanding GSL(s), the applicable interest rate on this loan will be 8%. (c) If the Maker is borrowing for a period of enrollment which begins on or after July 1, 1988, and the Maker has an outstanding balance on any PLUS, Supplemental Loans for Students ("SLS") made for enrollment periods beginning before that date or on any Consolidation loan(s) which repaid loans made for enrollment period(s) beginning before that date, the applicable interest rate on this loan will be 8%. (d) If the Maker is borrowing for a period of enrollment which begins on or after July 1, 1988, and the Maker has no outstanding balance on any GSL, PLUS, or SLS made for enrollment period(s) beginning before that date or on any Consolidation loan(s) which repaid loans made for enrollment period(s) beginning before that date, the applicable interest rate on this loan will be 8% until the end of the fourth year of the Maker's repayment status and will be 10% beginning with the fifth year of the Maker's repayment status. (5) The applicable interest rate (a) until the end of the fourth year of the Maker's repayment status, and (b) beginning with the fifth year of the Maker's repayment status, will be identified on the GLHEC GSL Disclosure Statement. (6) The Maker may also receive rebates of interest, if required by the Higher Education Act of 1965, as amended, when the applicable interest rate is 10%. (7) The lender or other holder of this note may add accrued unpaid interest to the unpaid principal balance (capitalization) of this loan in accordance with regulations and policies of GLHEC.

4. **GUARANTEE INSURANCE FEE.** The Maker agrees to pay a loan guarantee insurance fee to Lender equal to 1% of the Loan Amount. The amount of this fee will be shown on the GSL Disclosure Statement and it will be deducted proportionally from each disbursement of this loan. This fee may be refundable if no amount of this loan has been disbursed to the Maker.

5. **LOAN ORIGINATION FEE.** The Maker agrees to pay to the lender a loan origination fee equal to 5% of the Loan Amount. This fee may be increased to 5.5% by Presidential order issued pursuant to sequestration provisions of the Balanced Budget and Emergency Deficit Control Act of 1985. The amount of this fee will be shown on the GSL Disclosure Statement and it will be deducted by the lender from each disbursement of the proceeds of the loan in an amount prorated in accordance with the amount of each disbursement.

6. **PAYMENT OF NOTE:** During the Interim Period consisting of the time the Maker continues to carry in an eligible institution at least one half the normal full-time course of study at that institution plus the Grace Period, no payments are due from the Maker, and all interest accruing will be paid to the lender by the Secretary if the Maker is eligible. During the Grace Period, the lender will provide the Maker and the Maker will sign, a Payment Schedule and Disclosures form which will establish the number and amount of payments necessary to repay the principal and interest due on this note over the period ("Repayment Period") commencing at the conclusion of the Grace Period. The Maker may add to any accrued interest, for which the Secretary is not liable and any interest not paid by the Maker when due to the unpaid principal balance of this loan in accordance with GLHEC regulations. Once the date the Repayment Period begins, the Maker and not the Secretary is liable for all interest accruing on this Note except during authorized deferment periods. Except where there is reason to believe payment provided in par. 7 is applicable, the Repayment Period lasts at least 5 years but no more than 10 years, (except for authorized periods of deferment and forbearance). If the lender and Maker agree to a Repayment Period of less than 5 years, the lender will, at the Maker's request, extend it to 5 years unless doing so would reduce the Maker's payments below the minimum required by par. 7. The Maker agrees (A) to notify the lender promptly in writing after ceasing to carry at an eligible institution at least one half the normal full-time academic workload, (B) to sign the **Payment Schedule and Disclosures** form provided by the lender, not later than 120 days prior to the expiration of the Grace Period, and to pay the Note in accordance with the **Payment Schedule and Disclosures** form. Receipt or signature of the **Payment Schedule and Disclosures** form by the Maker shall not be a condition precedent to liability for payment of any sums owed by the Maker and any Endorser.

7. **MINIMUM PAYMENT.** The total annual payment by the Maker during any year of the repayment period on all GSL and PLUS/SLS loans made under the Act shall, unless otherwise agreed to by lender and Maker, be less than $600 or the balance of all such loans plus accrued interest, whichever is less, except that if a husband and wife both have outstanding GSL and PLUS/SLS loans, the total combined annual payment on all such loans by husband and wife shall not be less than $600 or the combined balance of all such loans plus accrued interest, whichever is less. The required annual payment may be more than indicated above depending on the total amount borrowed.

8. **PREPAYMENT WITHOUT PENALTY.** The Maker and any Endorser may prepay the whole or any part of this Note at any time without penalty, and may be entitled to a rebate of any unearned interest that was paid.

9. **LATE PAYMENT PENALTY.** A late payment penalty may be assessed on the unpaid amount of any installment not paid on or before the 10th day after its scheduled or deferred due date. The late charge may not exceed 6% of each installment or $6 for each installment whichever is less. This charge may be added to the Maker's account and deducted from any future payments prior to allocation toward payment of any principal or interest.

10. **COLLECTION CHARGES.** The Maker and any Endorser are liable for all charges and collection costs, including statutorily authorized attorneys fees, that are permitted by Regulations of the Secretary and are necessary for the collection of the loan.

11. **SECURITY INTEREST.** This Note is unsecured and the lender expressly waives, as security for this Note, any security interest held by the lender.

12. **DISBURSEMENT SCHEDULE.** The Maker and lender agree that the amount paid to the Maker shall be disbursed by check payable to the order of and requiring the endorsement of the Maker according to the schedule listed on the GSL Disclosure Statement.

13. **DEFERMENT.** Payment of principal will be deferred after the repayment period begins, provided Maker complies with the procedural requirements set forth in the regulations governing the GSL Program in any of these circumstances including deferment renewals that may be required: (A) While Maker is enrolled — (a) Full-time study at a school not located in the United States; (b) Full-time study at an institution of higher education or a vocational school that is operated by an agency of the Federal Government (e.g., the service academies). (c) A graduate fellowship program approved by the Secretary; or (d) A rehabilitation training program for disabled individuals approved by the Secretary. (B) For periods not exceeding 3 years for each of the following while Maker is — (a) On active duty in the Armed Forces of the United States or serving as an officer in the Commissioned Corps of the United States Public Health Services; (b) Serving as a Peace Corps Volunteer; (c) Serving as a full-time volunteer under Title I or the Domestic Volunteer Service Act of 1973 (ACTION programs, e.g., VISTA); (d) Serving as a full-time volunteer for an organization exempt from Federal income taxation under Section 501(c)(3) of the Internal Revenue Code of 1954, while performing service which the Secretary has determined is comparable to service in the Peace Corps or ACTION programs; or (e) Temporarily totally disabled as established by affidavit of a qualified physician, or unable to secure employment because Maker is providing care required by a dependent who is temporarily totally disabled, as established by affidavit of a qualified physician. (C) For a period not exceeding 2 years while Maker is serving in an internship that the Secretary has determined is necessary for Maker to gain professional recognition required to begin professional practice or service. (D) For a period not exceeding 2 years while Maker is conscientiously seeking but unable to find full time employment in the United States; and (E) Up to 6 months if borrower is pregnant or caring for a newborn or newly adopted child, and is not in attendance at an eligible school or gainfully employed, and was enrolled within the past 6 months at an eligible institution. For new borrower receiving a loan for a period of enrollment beginning on or after July 1, 1987, payment may also be deferred for: (A) Enrollment at least half-time (as determined by school), and receiving a GSL for the period of enrollment; (B) Up to 3 years while serving as an active duty member of the National Oceanic and Atmospheric Administration Corps; (C) Up to 3 years for full-time elementary or secondary school teachers in a teacher shortage area prescribed by the Secretary; (D) Up to 2 years for service in an eligible internship or residency program leading to a degree or certificate awarded by an institution of higher education, a hospital, or a health care facility that offers post-graduate training; and (E) Up to 1 year for mothers of pre-school children entering or re-entering the work force who earn less than $1 above minimum wage.

To be granted a deferment, Maker must provide the lender with written evidence of eligibility. Maker must subsequently notify the lender as soon as the condition for which the deferment was granted no longer exists.

14. **EVENTS OF DEFAULT.** This Note shall, at the option of the holder, become immediately due and payable upon the occurrence of any of the following events of default: (A) Failure of Maker to pay in full any monthly installment when due provided that this failure persists for 180 days or 240 days for less frequent installments; or (B) giving false or inaccurate information on an application for a student loan. Upon default all of the Maker's rights under this agreement shall be terminated, including but not limited to the deferments provided for in par. 13. Payment arrangements which may be allowed by the Great Lakes Higher Education Corporation after default, shall not reinstate or renew any such terminated rights of the Maker.

15. **CONSEQUENCES OF DEFAULT.** Upon an event of default (par. 14), Maker and Endorser are jointly and severally liable for the amount due under this Note plus collection costs (including statutorily authorized attorneys fees) permitted by federal statutes or by rules or regulations issued by the Secretary or GLHEC. Collection costs may exceed 25% of the unpaid principal and accrued interest. In the event GLHEC obtains a legal judgment on this Note, Maker and Endorser shall pay collection costs which do not exceed up to the maximum rate of interest that applicable law may allow with respect to interest on judgments. The rate of interest on the judgment at any rate specified in this Note.

16. **CREDIT BUREAU NOTIFICATION.** Information concerning the amount of this loan and its repayment will be reported to one or more credit bureau organizations. If Maker defaults on this loan, the lender, the holder or guaranty agency will also report the default to one or more credit bureau organizations.

17. **ADDITIONAL PROVISIONS.** (A) The Maker and any Endorser are jointly and severally liable for all amounts owing under this Note and waive presentment for payment, demand, notice of nonpayment, notice of protest and protest of this Note, and consent to the terms of any payment schedule as well as any and all extensions, consolidations and renewals without notice. (B) The Maker agrees to use the proceeds of the loan which this Note evidences solely to pay the expenses of attending the educational institution listed on the loan application in which the Maker is enrolled or accepted for enrollment at the date of this Note, and for the loan period indicated on the application. (C) In the event of the Maker's death or total and permanent disability, the unpaid indebtedness hereunder shall be cancelled pursuant to regulations promulgated under the Act. (D) The Maker shall notify the lender promptly, in writing, of any changes from time to time occurring in his or her school enrollment status (such as withdrawal from school or less than half-time attendance), graduation or transfer to other schools) or home address from that stated in the application for the loan. (E) The lender must provide information on the repayment status of this loan to credit bureau organizations upon the Maker request. (F) Unless otherwise prohibited by law or regulation, the lender and/or GLHEC will disclose information about the status of the loan to any credit bureau. Under the conditions set forth in Federal and GLHEC regulations governing the GSL program this loan may be transferred to a holder other than the original holder of this Promissory Note. Upon transfer, the Maker has the same rights and responsibilities with regard to the subsequent holder that the Maker had with regard to the original holder of this Promissory Note. This Promissory Note is not intended to be a negotiable instrument under the Uniform Commercial Code as adopted by any state and a subsequent holder of the Promissory Note cannot be a holder in due course. (G) Consolidation or refinancing options may be available to the Maker for GSL and other educational loans. For further information the Maker should contact the Loan Operations Manager.

**BORROWER CERTIFICATION.** I declare under penalty of perjury under the laws of the United States of America that the following is true and correct. I, the borrower, certify that the information contained in Section 1 of this application is true, complete and correct to the best of my knowledge and belief and is made in good faith. I also certify that I do not now owe a refund on a PELL Grant, Basic Grant, Supplemental Educational Opportunity Grant, or State Student Incentive Grant that I received to attend any school. I further certify that I am not now in default on any loans received under the Perkins Loan (formerly National Direct Student Loan), the Federal Insured Student Loan Program, or the PLUS/SLS or ALAS Programs at any school. I hereby authorize the educational institution to pay to the lender any refund which may be due me up to the amount of this loan. I further authorize any educational institution that I may attend, or GLHEC, to release to the lending institution, subsequent holder, or their agents, any requested information pertinent to this loan (e.g. employment, enrollment status, prior loan history, current address). I also authorize the lender, subsequent holder, their agent, educational institution or GLHEC to make inquiries from prior or subsequent lenders or holders with respect to my loan application and related documents, and to make inquiries of my parents and other third parties to obtain information regarding my location, employment and sources of income. I certify that the proceeds of any loan made as a result of this application will be used for educational purposes for the academic period covered by this application at the educational institution named on this form. I understand that I am responsible for repaying any funds that I receive which cannot reasonably be attributed to meeting my education expenses related to attendance at that institution for the loan period stated. I further certify that I have read and understand the statement of borrower responsibilities attached to the application.